IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 12-75 |
| | ) | |
| DAVID JAY HADDIX, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 23rd day of July, 2012, upon consideration of Defendant David Jay Haddix's Motion to Quash Grand Jury Subpoena, Exclude Evidence or in the Alternative, For In Camera Examination With Citation to Authority, (Docket No. 46), and the Government's opposition thereto (Docket No. 47), IT IS HEREBY ORDERED that Defendant's Motion [46] is DENIED, as follows.

1. To the extent that Defendant seeks to quash a subpoena served on a third party, Cynthia Carroll, he lacks standing to do so. *See In re Grand Jury*, 111 F.3d 1066, 1071 (3d Cir. 1997); *see also In Re Grand Jury Subpoena Duces Tecum*, 741 F.Supp. 1059, 160, n.1 (S.D.N.Y. 1990) (citing *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985); *Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2nd Cir. 1975)). Defendant avers that the subpoena, which is not attached to his motion, "simply commands [Carroll] to appear before the grand jury on July 24, 2012 at 1 p.m." (Docket No. 46 at ¶ 8). Defendant has presented no actual evidence that he is the target of the grand jury's investigation before which Carroll has been subpoenaed to testify. (*See generally* Docket No. 46). Defendant has offered nothing more than supposition that the purpose of the challenged subpoena is directed at investigating his own conduct, rather than the conduct of other individuals. (*Id.*). Although the

1

Government's response implies that the grand jury is in fact investigating Defendant's conduct, he has failed to demonstrate that he has sufficient interests in the subpoenaed information (Carroll's testimony) to establish standing as he has not asserted that he has any property interests at stake before the grand jury nor has he asserted any privileges to prevent her testimony and, given that Defendant and Carroll are not married, the Court does not believe that any type of privilege would apply in these circumstances. *See In re Grand Jury*, 111 F.3d at 1071 (noting that the instances in which third parties have been permitted standing to challenge grand jury subpoenas). As such, Defendant lacks standing to quash a subpoena directed at a third party in his own criminal case. *Id.* at 1071.

2. Insofar as Defendant claims that the returning of an indictment against him precludes any further grand jury proceeding investigating his own criminal conduct outside the scope of the present charges he faces in this criminal case, he is mistaken. The United States Court of Appeals for the Third Circuit has held that "the return of an indictment does not provide any legal basis for a subpoenaed witness to refuse to comply with the grand jury subpoena so long as a lawful grand jury proceeding continues." *In re Grand Jury Proceedings*, 632 F.2d 1033, 1041 (3d Cir. 1980). Further, a grand jury may lawfully investigate an indicted defendant for crimes not alleged in the indictment against him or her. *Id.* at 1040.

3. To the extent that Defendant argues that the Government's purpose of convening the challenged grand jury proceeding is unlawful, specifically, that the grand jury is being used by the prosecution to acquire additional evidence to use against him at trial, he has not met his burden "to demonstrate that the sole or dominant purpose of seeking

the evidence post indictment is to prepare for the pending trial." *Id.* at 1041. Indeed, the Court has not been presented with *any* facts supporting his claims, as the Defendant has submitted only a legal brief with numerous equivocal assertions concerning the nature of the investigation, i.e., that his counsel "believes" that the grand jury is being misused (Docket No. 46 at ¶ 9), "that the subpoena appears to be for trial preparation" (*Id.* at ¶ 15), and that based on the indictment, the subsequent arrest, detention hearing and the way this case has progressed, it "appears" that the sole or dominant purpose is for trial preparation, (*Id.* at ¶ 17). "In the absence of a contrary factual showing, the grand jury proceedings are entitled to a presumption of lawfulness and regularity." *In re Grand Jury Proceedings*, 632 F.2d at 1041.

4. Finally, the Court recognizes that the United States Court of Appeals for the Third Circuit has counseled district courts in some instances to order the prosecution to submit an affidavit affirming that the grand jury is convened for lawful purposes, such as investigating other persons or other conduct of the Defendant outside the scope of the charges in this case. However, the Court of Appeals has also held that "absent a factual showing of irregularity [in the grand jury proceedings] beyond mere suspicion the prosecutor need not submit" such an affidavit. *Id.* at 1041-42. We find that a so called *Schofield* affidavit is unnecessary in the present circumstances, given that Defendant has failed to demonstrate that he has standing to challenge the grand jury's subpoena and has not made even a modest factual showing that the grand jury subpoena was issued for improper purposes.

          */s Nora Barry Fischer*
          Nora Barry Fischer
          United States District Judge

cc/ecf: All counsel of record.