# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 12-75 |
| | ) | Judge Nora Barry Fischer |
| DAVID JAY HADDIX, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 15th day of August, 2013, upon consideration of Defendant David Jay Haddix's Motion in Limine to Exclude Statements and Arguments Regarding Defendant's Past Hunting Interest, (Docket No. [96]), whereby he seeks an order barring the Government from presenting testimony regarding Defendant's statements indicating his past enjoyment of hunting and the Government's response, (Docket No. [107]), wherein the Government proffers that the statements are party-opponent statements that show Defendant's access to the alleged firearms and having heard oral argument from the parties at the August 13, 2013 pretrial conference, (Docket No. 109),

IT IS HEREBY ORDERED, that Defendant's Motion [96] is DENIED in accordance with the Court's ruling at the August 13, 2013 pretrial conference (Docket No. 109), as these hunting statements are probative as to whether he had reason for possessing the firearms. In so holding, the Court notes that this evidence is relevant and would not lead to a confusion of issues or be unfairly prejudicial. *See* FED. R. EVID. 402 ("Relevant evidence is admissible" unless an exception applies); FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

While Defendant argues that these statements should be excluded under Rules 402 and 403, the Court of Appeals for the Third Circuit has already denied a similar argument in *United States v. Lee*, 612 F.3d 170 (3d Cir. 2010). In *Lee*, the defendant had stated to law enforcement that he had access to guns, was willing to use guns, had shot at someone and possessed a gun earlier. *Id*. at 186. Reviewing the District Court's Rule 404(b) analysis, the Court concluded that it was indisputable that those statements were relevant under Rule 402 because they reflected the defendant's motive for possessing a firearm. *Id.* In the Rule 403 analysis, the Court also determined that any danger of unfair prejudice did not substantially outweigh the relevance of those statements. *Id*. at 190 n. 24.

In similar fashion to *Lee*, Defendant's statements about hunting are relevant to the charged offense. Specifically, Defendant's conversation with the officer was related to hunting and could logically assist in establishing a motive for possessing hunting firearms. This is especially true given the nature of the firearms – all rifles. The Court thus finds this probative value outweighs any unfair prejudice that Defendant may suffer as a result of the statements' admission and, Defendant's Motion in Limine (Docket No. [96]) is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: August 15, 2013
cc/ecf: All counsel of record