# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 12-75 |
| | ) | Judge Nora Barry Fischer |
| DAVID JAY HADDIX, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

AND NOW, this 16th day of August, 2013, upon consideration of Defendant David Jay Haddix's Motion in Limine to Exclude Evidence and Argument Under Rule 404B, (Docket No. [102]), and the Government's response, (Docket No. [107]), and having heard oral argument from the parties at the pretrial conference, (Docket No. 109),

IT IS HEREBY ORDERED that Defendant's Motion [102] is GRANTED in part, and DENIED, in part.

Defendant moved first to exclude the following proffered 404(b) evidence: testimony regarding an anonymous phone call which led to the investigation at the Sherman Avenue residence; twelve uncharged firearms seized at the Sherman Avenue residence; and marijuana plants, two digital scales, baggies, and ammunition which were also seized. (Docket No. 102). Additionally, Defendant seeks to bar the Government from cross-examining Defendant regarding his prior-convictions under Rule 609, if he chooses to testify. (*Id.*). The Court will address each portion of Defendant's motion separately, below.

I. **Uncharged Firearms**

In addition to the eleven firearms for which Defendant is charged, the search of Sherman

Avenue also revealed an additional twelve firearms,[1] ammunition,[2] and related items[3] that were not charged. At the pretrial hearing, the Government proffered this evidence as admissible in order to present an accurate picture of what was collected in the search of the Sherman Avenue residence. (Docket No. 109). The Court is mindful that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Although these additional firearms potentially "complete the story," their probative value in proving the possession of the other charged firearms is minimal because they do not directly prove whether the Defendant possessed the firearms which have been charged. Alternatively, the Defendant's case will sustain prejudice if these additional guns are admitted. The Court perceives such effect as Defendant will be made to argue against his possession of <u>all</u> of the firearms, even though all have not been charged. The Court also notes that the Government had discretion to charge Defendant with the additional firearms and ammunition yet chose not to do so. *See, Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978) ("so long as the prosecutor has probable cause … the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."). As such, in this Court's estimation, it should not be allowed to introduce them against Defendant in such a backdoor fashion. Their admission would also cause confusion to the jury, as they would have to differentiate each of the twenty three firearms as either charged or uncharged. Moreover, as the Court noted at the pretrial hearing, the Court views the injection of the uncharged firearms as "piling on." Their introduction is cumulative and would cause unnecessary delay in the trial as

---

[1] Exhibits G-2, G-9, G-10, G-12, G-13, G-16, G-17, G-18, G-19, G-21, G-22, G-23
[2] Exhibits G-28, G-29, G-30, G-31
[3] Exhibits G-32, G-33

each additional firearm is addressed by the Court. In sum, the probative value of admitting the firearms is substantially outweighed by the potential prejudice against Defendant.

Accordingly, Defendant's motion as it relates to the uncharged firearms is GRANTED and the Government is precluded from introducing any and all evidence relating to the twelve additional uncharged firearms (Exhibits G-2, G-9, G-10, G-12, G-13, G-16, G-17, G-18, G-19, G-21, G-22, G-23), ammunition (Exhibits G-28, G-29, G-30, G-31), gun holster (G-32), and Mossberg barrel (G-33) seized on June 1, 2011 from the Sherman Avenue residence.

## II. Evidence of Drug Use or Drug Trafficking at Sherman Avenue

In accord with the reasons set forth in the Court's Memorandum Opinion granting Defendant's Motion in Limine To Exclude Irrelevant and Unfairly Prejudicial Background Testimony, (Docket No. 114), which precluded the introduction of marijuana-related evidence, Defendant's motion is GRANTED, as it pertains to prohibiting the Government from introducing into evidence the anonymous phone call regarding possible marijuana plants outside of the Sherman Avenue residence which resulted in an investigation and eventual valid search warrant.

## III. Rule 609 Disclosures

When a criminal defendant testifies as a witness, his character for truthfulness may be attacked with either a criminal conviction that was punishable by death or imprisonment for more than one year, if the probative value outweighs its prejudicial effect, or by any crime that involved a dishonest act or false statement by Defendant. i.e. *crimen falsi*. Fed. R. Evid. 609(a). However, if the conviction is over ten years old, it is admissible only if the Defendant is given reasonable notice and its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b).

Although Defendant has a lengthy criminal history, a majority of his convictions are not admissible due to the nature of offense or time it occurred. However, there are two convictions that involve a dishonest act or false statement and as such, they are admissible, namely: (1) November 9, 2005, Defendant was convicted of Theft by Deception and Forgery for cashing stolen checks; and (2) April 27, 2005, Defendant was convicted of a misdemeanor for supplying False Identification to Law Enforcement Officers when he provided an officer with an incorrect name and birthdate. The only other offense that fits any of the Rule 609 criteria is a 1996 conviction for Possession with Intent to Deliver Controlled Substance. As this conviction was nearly twenty years ago and Defendant is not currently charged with a drug offense, the prejudicial effect suffered by Defendant would be substantially outweighed by any probative value. *See United States v. Rahmaan*, 372 F. App'x 337, 339 (3d Cir. 2010) (holding exclusion of defendant's prior conviction was not error because it was over ten years old (seventeen years old) and had "virtually no probative value").

Therefore, Defendant's Motion as it relates to the Government's Rule 609 disclosures is GRANTED in part, and DENIED in part, as Defendant's 2005 Theft by Deception and Forgery and Supplying False Information to Law Enforcement Officials convictions are admissible as a means of cross-examination of the Defendant if he chooses to testify.

As in our prior holding at Docket No. 114, the AUSA shall apprise the Government's witnesses of this ruling.

/s Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record